PAUL J. FISHMAN
United States Attorney
BY: BRADLEY HARSCH
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102
(973) 645-7000

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Honorable Jose L. Linares, U.S.D.J. |
| *Plaintiff,* | : | Criminal No. 10-53 |
| v. | : | |
| MOSHE ALTMAN | : | **PRELIMINARY ORDER OF FORFEITURE** |
| a/k/a "Michael" Altman | | |
| *Defendant.* | : | |

WHEREAS, on January 28, 2010, the United States filed an Indictment, Criminal No. 10-53 (JLL) against Moshe Altman, charging him with violations of Title 18, United States Code, Sections 666, 1951 and 1956; and

WHEREAS, on December 2, 2010, Moshe Altman pled guilty to violations of Title 18, United States Code, Sections 1951 and 1956; and

WHEREAS, pursuant to Title 18, United States Code, Section 982, the Court in imposing sentence on a person convicted of an offense in violation of Title 18, United States Code, Section 1956 shall order that person to forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property; and

**WHEREAS**, by virtue of the above, the United States is now entitled to possession of a total of $109,650.00 in United States currency representing fees that Moshe Altman collected from his money laundering activities as part of the scheme identified in Count 4 of the Indictment and in accordance with his plea because it represents property involved in a transaction or attempted transaction in violation of Title 18, United States Code, Section 1956 or represents property traceable to such property; and

**WHEREAS**, in accordance with his plea, Moshe Altman also agrees to the forfeiture of any interest he had or may have had to the funds totaling $508,985.21 seized from Valley National Bank Account No. XXXX9097 held by Gmach Shefa Chaim; and

**WHEREAS**, in accordance with his plea, Moshe Altman also agrees to the forfeiture of any interest he had or may have had to the funds totaling $238.30 and $146,163.38 seized from Capital One Account Nos. XXXXXX2598 and XXXXXX9486, held by Boyoner Gemilas Chesed

**WHEREAS**, Defendant, Moshe Altman, in fulfillment of his plea obligation referenced herein, consents and agrees to the payment to the United States of the $109,650.00 in United States currency representing fees that Moshe Altman collected from his money laundering activities. Said payment to be made no later than 30 days after execution of this Preliminary Order of Forfeiture with a check made payable to the "United States Marshals Service." Interest shall accrue should Moshe Altman fail to pay said amount within 30 days after execution of this Preliminary Order of Forfeiture ; and

It is hereby **ORDERED, ADJUDGED AND DECREED:**

**THAT** a money judgement in the amount of $109,650.00 is hereby entered against Moshe Altman as property involved in or traceable to a violation of Title 18, United States Code, Section 1956; and

**THAT** Interest shall accrue should Moshe Altman fail to pay said amount within 30 days after execution of this Preliminary Order of Forfeiture; and

**THAT** pursuant to Title 21, United States Code, Section 853(n)(1), the United States shall publish notice of this Order and of its intent to dispose of the property in such a manner as the Attorney General may direct, including posting notice on the official internet government forfeiture site www.forfeiture.gov for at least 30 consecutive days; and

**THAT** pursuant to Title 21, United States Code, Section 853(n)(2), any person, other than the Defendant, asserting a legal interest in any of the above-listed forfeited property must file a petition with the Court within **thirty (30)** days of the final publication of notice or of receipt of actual notice, whichever is earlier, and state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property.

**THAT** pursuant to Title 21, United States Code, Section 853(n)(3), the petition shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, and any additional facts supporting the petitioner's claim and the relief sought; and

**THAT** the United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of this

3

Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified; and

**THAT** the aforementioned forfeited property is to be held by the appropriate United States agency in its secure custody and control until the appropriate disposition of said Property by the United States; and

**THAT** upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

**ORDERED** this 31st day of MARCH 2011

_____
Honorable Jose L. Linares
United States District Judge

4